**YING LIN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72482.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Robert James Adinolfi, Robert J. Adinolfi, Esq., New York, NY, for Petitioner.

Dana Michelle Camilleri, Suzanne Nardone, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Ying Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen immigration proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Lin sought reopening based on her conversion to Christianity in the United States and a change in relevant circumstances in China, as well as the birth of her two children in the United States. The BIA did not abuse its discretion in denying Lin's untimely motion to reopen because Lin did not establish materially changed circumstances in China as to overcome the time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi,* 597 F.3d at 987–90 (evidence must be "qualitatively different" to warrant reopening). We reject Lin's contention that the BIA ignored evidence, or otherwise abused its discretion in denying her motion. *See id.* at 986 (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law").

Lin contends there was a fundamental change in law in 2007 warranting a reopening to reconsider the immigration judge's frivolous application finding. We lack jurisdiction to consider this claim because Lin did not raise it to the BIA in her motion to reopen filed in 2013. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (petitioner must exhaust claims in administrative proceedings). Thus, we reject Lin's request for a remand on this basis.

Finally, we lack jurisdiction to review the BIA's refusal to reopen proceedings

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sua sponte, *see Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011), and we decline Lin's request to reconsider our decision in *Ekimian v. INS*, 303 F.3d 1153 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.